1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10
                        ----oo0oo----
11

12   JAMES SANFORD,
                                  NO. CIV. S 02-0480 MCE JFM
13          Plaintiff,

14      v.                        ORDER

15   THRIFTY PAYLESS, INC., dba
     RITE AID CORPORATION,
16
            Defendant.
17
                        ----oo0oo----
18

19

20      Through the present motion, Plaintiff James Sanford

21   ("Plaintiff") seeks attorney's fees and litigation expenses,

22   pursuant to both state law and 42 U.S.C. § 12205 of the Americans

23   with Disabilities Act ("ADA"), as a result of his May 24, 2005

24   acceptance of an Offer of Judgment submitted by Defendant Thrifty

25   Payless, Inc. dba Rite Aid ("Rite Aid") pursuant to Federal Rule

26   of Civil Procedure 68.  Pursuant to that Offer of Judgment, Rite

27   Aid agreed to pay $4,001.00 in damages to Plaintiff, and further

28   agreed to remedy certain Title III ADA violations, as alleged by

                               1

Plaintiff, pertaining to Rite Aid's facility located at 4980
Freeport Blvd. In Sacramento.  Plaintiff now requests $28,531.50
for fees incurred by various attorneys, paralegals, and legal
assistants, and $20,708.30 for costs and litigation expenses, for
a total of $49,239.80.  Rite Aid opposes the motion, claiming
that the fees and expenses sought are excessive and unreasonable.

**BACKGROUND**

This dispute arises from Plaintiff's claim that he
encountered architectural barriers making it difficult or
impossible for him to access various portions of Rite Aid's
Sacramento Freeport facility.  Plaintiff is a quadriplegic with
limited arm strength, and requires the use of a wheelchair for
mobility.

Plaintiff filed his lawsuit against Rite Aid on March 6,
2002.  On September 5, 2003, Plaintiff moved for summary
judgment, or in the alternative for summary adjudication of
issues, claiming that his declaration, as well as expert
declarations obtained from Ronald Wilson and Joe Card,
established his entitlement to judgment as a matter of law
against Rite Aid.  The Court denied Plaintiff's motion, by
Memorandum and Order filed October 17, 2003, on grounds that the
proffered declarations were inadmissible and failed to support
his request for summary judgment.

Thereafter, as stated above, Plaintiff accepted Rite Aid's
Offer of Judgment in this case, which included provisions for
both payment of damages in the amount of $4001.00 as well as

provisions for remediating Rite Aid's claimed ADA violations. Plaintiff filed the instant motion for fees and costs after judgment was entered against Rite Aid on or about June 9, 2005.

**STANDARD**

Plaintiff's complaint alleged violations of federal and California law.  Plaintiff's federal claim arose under the ADA, while his state law claims arose under the California's Unruh Act, Cal. Civ. Code § 51, California Health & Safety Code § 19953, and the California Disabled Persons Act, Cal. Civ. Code § 54-55.

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205.  A prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust."  Hensley v. Eckerhart, 461 U.S. 424, 429 (1976).

Section 55 of the California Disabled Persons Act provides that "the prevailing party in the action shall be entitled to recover reasonable attorney's fees."  Cal. Civ. Code § 55.  Also, under California Health & Safety Code § 19953, "[a]ny person who is aggrieved or potentially aggrieved by a violation of this part . . . may bring an action to enjoin the violation.  The prevailing party in the action shall be entitled to recover reasonable attorney's fees."

1
2                              **ANALYSIS**
3

4       Rite Aid does not dispute that Plaintiff, as the prevailing
5   party in this litigation, may recover both attorneys' fees, as
6   well as litigation expenses and costs, in pursuing the instant
7   case.  Rite Aid nonetheless asserts that the Court should
8   exercise its discretion in determining that, under the
9   circumstances present, those fees and expenses should either be
10  disallowed in their entirety or significantly reduced.
11      Rite Aid first asks the Court to follow the Central
12  District's recent decision in Doran v. Del Taco, Inc., 373 F.
13  Supp. 2d 1028 (C.D. Cal. 2005), which denied attorneys' fees in
14  an ADA case where the plaintiff had neither provided pre-
15  litigation notice of his intent to sue nor afforded the
16  defendant, prior to suit, a reasonable opportunity to cure any
17  alleged violations.   As even the Doran court recognized,
18  however, there is no Ninth Circuit precedent requiring an ADA
19  plaintiff to provide notice before filing suit.  Id. at 1031.
20  Indeed, in Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th
21  Cir. 2000), the Ninth Circuit held squarely to the contrary.
22  Moreover, as Doran further concedes, repeated efforts by Congress
23  to amend the ADA to provide pre-suit notice have uniformly
24  failed.  Id.   Consequently, even assuming Plaintiff failed to
25  provide Rite Aid with adequate notice of its ADA shortcomings
26  before instituting this lawsuit, the Court declines to rely on
27  the reasoning of Doran in altogether denying Plaintiff's instant
28  request for fees/expenses.

                                  4

1    This Court must therefore determine the extent to which
2  attorneys' fees and litigation expenses are recoverable.   In
3  making that assessment, the Court must identify the applicable
4  "lodestar" for calculating attorneys' fees.   Under the lodestar
5  method, a court multiplies the number of hours the prevailing
6  attorney reasonably expended on the litigation by a reasonable
7  hourly rate.   *See* <u>Hensley</u>, 461 U.S. at 433; *see also* <u>Ketchum v.</u>
8  <u>Moses</u>, 24 Cal. 4th 1122, 1132 (2001) (expressly approving the use
9  of prevailing hourly rates as a basis for the lodestar).   Courts
10 may then adjust the lodestar to reflect other aspects of the
11 case.   *See* <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70
12 (9th Cir. 1975); *see also* <u>Serrano v. Priest</u>, 20 Cal. 3d 25
13 (1977).

14    Turning first to the number of hours reasonably billed, the
15 Court finds that certain categories of claimed fees are
16 unreasonable and will not be permitted.   As indicated above,
17 Plaintiff filed a summary judgment motion based upon declarations
18 that even he conceded were inadmissible.   Plaintiff should not be
19 permitted to recover fees based on that ill-taken motion.

20    Fees for unsuccessful stages of litigation are not
21 recoverable, unless such un unsuccessful stage was a necessary
22 step towards ultimate victory.   <u>Cabrales v. County of Los</u>
23 <u>Angeles</u>, 935 F.2d 1050, 1053 (9th Cir. 1991).   Given the clear
24 deficits of Plaintiff's motion and the fact that the case settled
25 soon thereafter based on Rite Aid's Offer of Judgment, this Court
26 cannot conclude that the summary judgment was a necessary step
27 towards victory.   No fees or expenses associated with that motion
28 will therefore be allowed.   A total of $4,399.50 in fees will be

5

1   disallowed on that basis, as will $75.03 in courier/overnight

2   fees associated with Plaintiff's summary judgment motion.

3       Even more significant than the fees generated by Plaintiff's

4   attempt at summary judgment were expert expenses incurred in

5   attempting to provide factual support for the motion.  In that

6   regard, Plaintiff seeks $15,226.62 for expenses incurred by Joe

7   Card.  No report was ever submitted on Mr. Card's behalf, and his

8   activity in this matter consisted of preparing architectural

9   plans with proposed changes to the Rite Aid facility, along with

10  an unsubstantiated cost breakdown.  No proper foundation for the

11  opinions presented in those plans was provided.[1]  In now

12  requesting reimbursement for the cost of Mr. Card's services,

13  Plaintiff submits a three line invoice that provides little

14  evidence as to just what Mr. Card actually did, let alone whether

15  his charges are reasonable, as they must be for this Court to

16  direct that they be paid by Rite Aid.  Moreover, Mr. Card's work

17  was performed to support a baseless summary judgment motion in

18  any event.  The Court must therefore conclude that Plaintiff

19  should not be permitted to recoup any monies paid for Mr. Card's

20  services.

21      Two other general classifications of fees sought by

22  Plaintiff will also not be permitted.  Plaintiff seeks a total of

23  $1,842.75 for services performed by legal assistants in this

24  case.  While the Court will permit recovery of time expended by

25  paralegals (see Shaffer v. Superior Court, 33 Cal. App. 4th

26

27      [1]While Plaintiff did provide an amended declaration of Mr.
    Card in reply to Rite Aid's opposition, that declaration was
    procedurally improper and was consequently not admissible in
28  determining the propriety of summary judgment.

6

1   993 (1995)),[2] secretarial costs are deemed by courts within

2   this circuit to constitute overhead, or the cost of doing

3   business, and are thus not separately reimbursable. *See,*

4   *e.g.,* <u>Loskot v. USA Gas Corporation</u>, CIV. S-01-2125 WBS KJM

5   (E.D. April 26, 2004), citing <u>In re Pac. Exp., Inc.</u>, 56 B.R.

6   859, 865 (Bkrtcy. E.D. Cal. 1985); <u>In re Wepsic</u>, 238 B.R. 845,

7   851 (Bkrtcy. S.D. Cal. 1999) (even though attorney billed for

8   preparation of the service of the complaint at half her hourly

9   rate, the court disallowed the cost, finding that it was

10  secretarial in nature and therefor part of general overhead);

11  <u>Connally v. Denny's Inc.</u>, CV-F 96-5521 SMS (E.D. Cal. Aug 10,

12  1999) (holding that administrative work was not recoverable).

13  The Court will not therefore not require that Rite Aid pay for

14  time expended in this matter by legal assistants ($1,842.75) on

15  Plaintiff's behalf.

16      Finally, although Plaintiff's counsel maintains offices in

17  Chico, he seeks reimbursement for travel time to Sacramento.

18  This is despite the fact, as Rite Aid points out, that

19  Plaintiff's counsel has filed literally hundreds of cases in the

20  Sacramento Division of the Eastern District within the last five

21  years.  No evidence has been presented suggesting that

22  Plaintiff's counsel tries more cases in Chico than in Sacramento,

23  or that Plaintiff's counsel maintains offices outside the

24  Sacramento area for any reason other than his own convenience.

25

26      [2]Rite Aid does argue that certain paralegal costs should be
    disallowed because they were "clerical/secretarial" in nature.
27  The Court declines, however, to parse the paralegal tasks
    performed that closely and will permit reimbursement of the
28  amounts claimed by Plaintiff for paralegal services.

7

Rite Aid should not be required to shoulder travel expenses to Sacramento, and $1,575.00 in claimed attorneys' fees for such travel will not be permitted.[3]

Aside from general classifications of time expended, which, as discussed above, were not found to be reasonable,[4] the Court must also determine the reasonableness of the number of hours claimed for any otherwise compensable task.  In opposing the reasonableness of Plaintiff's claimed charges for preparing documents that are literally the same in this case as in dozens of other cases also filed by Plaintiff's counsel, Rite Aid points to the fact that the complaint, discovery, deposition notices and subpoenas issued in this case are no different from those generated by the myriad of other cases litigated by Plaintiff's counsel.  After analyzing the billing entries generated by Plaintiff's counsel and the evidence submitted by Rite Aid, the Court agrees that the claimed charges are not reasonable.  A total of $2,425.00 in claimed fees will be deducted for that reason.

The above analysis all pertains to the reasonableness of the number of hours for which compensation is sought.  The second

_____

[3]In addition, while Plaintiff claims $700.00 for counsel's travel time to Los Angeles on July 30, 2003 for the Musser Deposition, Rite Aid claims that deposition was actually for three different cases and must be allocated accordingly. Plaintiff does not refute that assertion in his reply, and $500.50 will thus be deducted from the total attorneys' fees claimed due to that discrepancy.

[4]Rite Aid makes an additional argument that any time expended after March 21, 2005, when its served its initial Offer of Judgment, should be excluded.  The Court, however, disagrees due to the fact that the revised Offer of Judgment ultimately accepted was materially different from its predecessor in specifying just what remediation activities would occur.

8

step of the lodestar analysis requires that the rate sought to be charged per hour also be reasonable.  Courts generally calculate reasonable hourly rates according to the prevailing market rates in the relevant legal community.  <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).  The general rule is that courts use the rates of attorneys practicing in the forum district, in this case, the Eastern District of California, Sacramento Division.  <u>Gates v. Deukmejian</u>, 987 F.2d 1392,1405 (1993); <u>Davis v. Mason County</u>, 927 F.2d 1473, 1488 (9th Cir. 1991), *cert. denied* 502 U.S. 899 (1991).

The burden is on the fee applicant to produce satisfactory evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum</u>, 465 U.S. at 895 n.11.  A court will normally deem a rate determined this way to be reasonable.  <u>Id.</u>

In this case, Rite Aid does not dispute the $250.00 rate sought on behalf of attorney Lynn Hubbard for Plaintiff as unreasonable.  (Opp., 15:7-8).  Nor does Rite Aid question the $75.00 hourly rate requested by Plaintiff for paralegal services. <u>Id</u>.  Rite Aid does, however, question the $175.00 sought by associate attorneys Scott Hubbard and Adam Sorrels.  Courts in this district have generally limited associate attorney compensation to $150 per hour in cases of this nature.  *See, e.g.,* <u>Loskot v. USA Gas Corporation</u>, CIV. S-01-2125 WBS KJM (E.D. Cal. April 26, 2004); <u>Pickern v. Marino's Pizza & Italian Rest.</u>, CIV. S-01-1096 WBS GGH (E.D. Cal. April 9, 2003); <u>Loskot v. Pine Street Sch. Off. Bldg.</u>, CIV. S-00-2405 DFL JFM (E.D. Cal. Nov. 7,

9

2002).  Consequently, after deducing 3 hours already deemed excessive by the Court as discussed above, a total of 6.4 hours remaining is reduced from $175/hour to $150/hour, for a total reduction of $160.00.

Lastly, Plaintiff may recover, as part of the award of attorneys' fees in this matter, litigation expenses pursuant to 42 U.S.C. § 2205.  The term "litigation expenses" in Section 12205 has been interpreted to include "the same out-of-pocket expenses that are recoverable under 42 U.S.C. § 1988." Robbins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1037 (D. Or. 1996).  Under Section 1988, Plaintiff recover those out-of-pocket expenses that "would normally be charged to a fee paying client." Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994).

As stated above, Plaintiff seeks a total of $20,708.30 in litigation expenses.  The $15,226.62 claimed for Joe Card's services, as well as $75.03 sought in courier/overnight expenses in connection with Plaintiff's failed summary judgment motion, has already been disallowed and will be deducted from that amount.  In addition, the amount sought by Plaintiff includes some $1,748.25 already claimed as costs pursuant to 28 U.S.C. § 1920.  That amount will not be awarded twice and will also be deducted.  Finally, consistent with footnote 3, supra, expenses claimed in connection with the Musser deposition must be split between three cases, resulting in a reduction from the $426.08 claimed to $284.05.  The remaining litigation expenses sought by Plaintiff, which total $3,516.37, will be allowed.

//

//

**CONCLUSION**

Based on the foregoing, Plaintiff is entitled to reasonable attorneys' fees in the amount of $17,628.75 and reasonable litigation expenses in the amount of $3,516.37, for a total of $21,145.12.  Plaintiff will accordingly be awarded that amount.[5]

IT IS SO ORDERED.

DATED: October 11, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5]Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

11