UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES SANFORD,

        Plaintiff,

   v.

THRIFTY PAYLESS, INC., dba RITE AID CORPORATION,

        Defendant.

NO. CIV. S 02-0480 MCE JFM

ORDER

----oo0oo----

Plaintiff James Sanford, as the prevailing party in this litigation, has filed a Bill of Costs, pursuant to 28 U.S.C. § 1920, in the amount of $1,748.25. Defendant Thrifty Payless, Inc. dba Rite Aid Corporation ("Rite Aid") has objected to certain portions of that costs bill.

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs". As this language suggests, the ultimate decision on whether to award costs is a matter within the court's discretion. <u>Association of Mexican-American Educators v. State</u>

1

1 of Calif., 231 F.3d 572, 591-92 (9th Cir. 2000).  If the Court
2 declines to award costs as requested by the prevailing party,
3 however, it should specify its reasons for doing so.  Berkla v.
4 Corel Corp., 302 F.3d 909. 921 (9th Cir. 2002).
5      Here the Court need only address the two specific items
6 objected to by Rite Aid in response to Plaintiff's Bill of Costs.
7 First, according to Rite Aid, Plaintiff cannot seek reimbursement
8 for service of a subpoena on witness Chuck Pearson, because,
9 according to the documentation submitted by Plaintiff, that
10 service was attempted in the State of Pennsylvania, where Mr.
11 Pearson resides.  Under Federal Rule of Civil Procedure 45(b)(2),
12 a subpoena may properly be served only within the district of the
13 issuing court, within 100 miles of the place of attendance, or
14 within the state where the issuing court sits, as authorized by
15 state law.  The attempted service on Mr. Pearson fails to qualify
16 under any of these alternatives, and the Court's file does not
17 reflect that Plaintiff otherwise obtained special authorization
18 from this Court to effect service upon Mr. Pearson.
19 Consequently, the $120.00 sought for attempted service on Mr.
20 Pearson is disallowed as a recoverable cost.
21      Secondly, Rite Aid objects to $69.67 sought out of a total
22 $137.50 claimed in printing and exemplification costs, pursuant
23 to 28 U.S.C. § 1920(4).  That objection is premised on the
24 argument that at least some of the $69.67 constitutes copying
25 charges associated with Plaintiff's failed summary judgment
26 motion.  Those costs also include copying expenses associated
27 with every other aspect of the case except for discovery matters
28 and preparation of the original summons and complaint.  Given the

1  relatively nominal amount of disputed charges, and the fact that
2  any expense associated with the summary judgment motion (for
3  which the Court did decline to award attorneys' fees and certain
4  litigation expenses) appears inextricably intertwined with other
5  aspects of the case for which copy charges would unquestionably
6  have been permitted, the Court in its discretion elects not to
7  reduce said charges.
8       Given the foregoing, costs are taxed in favor of Plaintiff
9  as stated in his Bill of Costs, except that subpoena fees are
10 reduced from $683.00 to $563.00.  Total costs are awarded in the
11 sum of $1,628.25.

13      IT IS SO ORDERED.

15 DATED: November 2, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE