1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES SANFORD,

        Plaintiff,

   v.

THRIFTY PAYLESS, INC., dba
RITE AID CORPORATION,

        Defendant.

NO. CIV. S 02-0480 MCE JFM

<u>ORDER</u>

----oo0oo----

On October 12, 2005, this Court awarded Plaintiff, as the prevailing party in this litigation, attorney's fees and litigations expenses in the amount of $21,145.12  pursuant to both state law and 42 U.S.C. § 12205 of the Americans with Disabilities Act.  Thereafter, on October 21, 2005, Plaintiff filed the instant Motion for Reconsideration, asking the Court to revisit its denial of litigation expenses totaling $15,226.62 for services rendered by Plaintiff's expert, Joe Card.

///

1

1 While Plaintiff does not specify the precise basis of his
2 reconsideration request, he appears to contend that it would be
3 manifestly unfair to disallow Mr. Card's expenses because his
4 conclusions were necessary for purposes of litigating (and
5 ultimately settling) this matter, despite the fact that Mr.
6 Card's alleged report was found insufficient for purposes of
7 Plaintiff's unsuccessful motion for summary judgment.
8     The Court's disallowance of Mr. Card's invoice as a
9 recoverable expense in fact did not hinge solely on Plaintiff's
10 ill-taken motion for summary judgment, as the instant motion
11 would appear to indicate.  It is axiomatic that Plaintiff, while
12 entitled to litigation expenses as the prevailing party, must
13 establish that such expense were reasonably incurred.  42 U.S.C.
14 § 12205.  Expenses are unreasonable and properly denied where the
15 invoices submitted fail to provide specifics about the nature of
16 the charges incurred.  *See* Webb v. James, 967 F. Supp. 320, 326
17 (N.D. Ill. 1997).
18     As indicated in the Court's October 12, 2005 Order,
19 Plaintiff's request for reimbursement of $15,226.62 in expenses
20 paid to Mr. Card is premised on a three line invoice that says
21 virtually nothing about what Mr. Card did.  No hourly rate,
22 number of hours expended, or tasks performed is detailed despite
23 the very sizable amount of the invoice.  In addition, other than
24 architectural plans with proposed changes that were prepared by a
25 completely different entity (Advanced Design Consultants, LLC),
26 no report authored by Mr. Card was ever submitted-- only a one
27 page unsubstantiated cost analysis for retrofitting the Rite Aid
28 site was provided.

1  This dearth of information is plainly insufficient to establish
2  the reasonableness of Mr. Card's $15,226.62 bill.
3       Despite Plaintiff's protestations to the contrary, the
4  situation here is clearly distinguishable from that encountered
5  by the Court in <u>White v. Save Mart Supermarkets</u>, Case No. CIV S
6  03-2402.  While Mr. Card's expenses totaling $4,401.25 were
7  awarded in that case, two different invoices were provided along
8  with detailed time entries showing tasks performed and Mr. Card's
9  hourly rate.  Here, on the other hand, only a three-line
10 explanation was included in the invoice with no cost breakdown
11 whatsoever.  In addition, unlike the present case, in <u>White</u> the
12 plaintiff provided a detailed report, with photographs, authored
13 by Mr. Card himself–- not just architectural plans which on their
14 face demonstrate that they were prepared by someone else
15 entirely.  Plaintiff's claim here that he is entitled to recover
16 more than three times the amount sought in <u>White</u>, with less
17 supporting documentation and no report, simply cannot be
18 sustained.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1     Based on the foregoing, Plaintiff's Motion for
2 Reconsideration is hereby DENIED.[1]
3     IT IS SO ORDERED.
4 DATED: November 30, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

4